UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN RUDNEY,

    Plaintiff,

v.                                 CASE No. 8:03-CV-2681-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.
_____

O R D E R

THIS CAUSE came on for consideration upon the Plaintiff's Petition for Attorney Fees (Doc. 24) filed by counsel for the plaintiff on March 30, 2005. Having considered the application, the defendant's lack of objection, and the pertinent factors regarding an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), the plaintiff shall be awarded $2,450.00 in fees to be paid by the defendant.

The applicant and another attorney of his firm represented the plaintiff in this action seeking review of a denial of Social Security disability benefits. This matter was reversed and remanded to the Social Security Administration by order of this court dated January 26, 2005 (Doc. 22).

Judgment was therefore entered in favor of the plaintiff (Doc. 23). The plaintiff then filed this application for fees under the EAJA.

The EAJA requires a court to award attorneys' fees and costs to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this case, the applicant has requested an award of attorneys' fees in the amount of $2,450.00, representing 19.60 hours of service before the court at an hourly rate of $125.00 (Doc. 24). The plaintiff has certified that the defendant has no objection to this payment (id. at ¶8).[*] Furthermore, because the defendant has not responded to the motion, it can also be assumed that the defendant has no objection to the relief requested. See Local Rule 3.01(b).

There is no question that the plaintiff is a prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Moreover, the defendant has

---

[*]The plaintiff's certification also stated that the Commissioner's agreement to an award of attorneys' fees is contingent on the "[p]laintiff satisfying all jurisdictional requirements" (Doc. 24, ¶8). However, it is assumed that the Commissioner has no objection to the issue of jurisdictional requirements as the Commissioner has not filed an objection, and the response time for filing such an objection has passed. See Local Rule 3.01(b).

not suggested any basis for determining that an award of fees would be unjust. Consequently, the plaintiff is entitled to an award of attorneys' fees.

The claim of 19.60 hours for services performed in this case appears reasonable. Importantly, the defendant has not challenged that claim.

As for counsel's hourly rate, the defendant has not challenged the requested hourly rate of $125.00. Moreover, the rate of $125.00 per hour is the rate that has typically been applied in these cases, and is expressly authorized by 28 U.S.C. 2412(d)(2)(A)(ii).

For the foregoing reasons, Plaintiff's Petition for Attorney Fees (Doc. 24) is hereby **GRANTED.** The plaintiff is hereby awarded the amount of $2,450.00 in attorneys' fees to be paid by the defendant pursuant to the EAJA.

IT IS SO ORDERED.

DONE and ORDERED at Tampa, Florida, this 22nd day of April, 2005.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE